UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTMAS LUMBER COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-55-HBG |
| | ) | |
| NWH ROOF & FLOOR TRUSS SYSTEMS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal

Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry

of judgment [Doc. 14].

Now before the Court is Defendant's Motion Stay District Court Proceedings Pending

Sixth Circuit Appeal [Doc. 28]. Plaintiff has responded in opposition [Doc. 29] to the Motion.

Accordingly, for the reasons further explained below, the Court **GRANTS** Defendant's Motion

[**Doc. 28**].

## I.      POSITIONS OF THE PARTIES

Defendant requests [Doc. 28] that the Court stay this action pending its appeal to the Sixth

Circuit Court of Appeals pursuant to 9 U.S.C. § 16(a). In support of its Motion, Defendant states

that a majority of circuit courts and district courts within the Sixth Circuit have found that a stay

of trial court proceedings is mandatory during the pendency of a direct appeal of a trial court order

pursuant to 9 U.S.C. § 16(a). Defendant requests that the Court adopt the majority view and

impose a mandatory stay of the proceedings. In the alternative, Defendant requests that the Court

exercise its discretion to stay all proceedings.

Plaintiff filed a Response [Doc. 29] in opposition to the Motion. Plaintiff acknowledges that there is a disagreement among the federal circuits as to whether a stay is mandatory or discretionary when a party appeals pursuant to 9 U.S.C. § 16(a). Plaintiff asserts that the Court should exercise its discretion to deny the stay because Defendant has not demonstrated that the stay is proper.

## II. ANALYSIS

The Court has considered the parties' positions as summarized above, and for the reasons explained below, the Court **GRANTS** Defendant's Motion [**Doc. 28**].

By way of background, Defendant requested that the Court compel the parties to arbitration, alleging that they had entered into a valid arbitration agreement. The Court found otherwise [Doc. 19]. Defendant has now appealed the undersigned's Order to the Sixth Circuit Court of Appeals pursuant to 9 U.S.C. § 16(a).

The general rule is that "[t]he filing of a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals." *United States v. Omar*, 157 F. Supp. 3d 707, 713 (M.D. Tenn. 2016) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "That conferral of appeal 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* (quoting *Griggs*, 459 U.S. at 58). The district court, however, retains jurisdiction to "enforce the judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *Id.* (internal citations omitted).

The parties acknowledge that courts are split as to whether an appeal filed pursuant to 9 U.S.C. § 16 mandates a stay. As one court recently recognized, "The Second, Fifth, and Ninth Circuits have held that the filing of a notice of appeal does not automatically stay proceedings in

the district court." *AtriCure, Inc. v. Jian Meng*, No. 1:19-CV-00054, 2019 WL 5695854, at *1 (S.D. Ohio Nov. 4, 2019). "In contrast, the Third, Fourth, Seventh, Tenth, and Eleventh Circuits have held that a stay is automatic and divests the district court of jurisdiction." *Id.* "The Sixth Circuit has not reached this issue." *Id.* (citing *Tillman v. Macy's Inc.*, 735 F.3d 453, 462 (6th Cir. 2013)).

Courts within this Circuit have also split on the issue. *See AtriCure, Inc.*, 2019 WL 5695854, at *2 ("This matter is not automatically stayed, as the Sixth Circuit has not adopted the position that, following the filing of a notice of appeal, a stay is automatic and the district court is divested of jurisdiction."); *Jowers v. NPC Int'l, Inc.*, No. 13-1036, 2015 WL 3537135, at *3 (W.D. Tenn. June 4, 2015) (noting that "[m]ost district courts considering the issue in this circuit have adopted the majority position" and finding the majority's reasoning "well-founded"); *Tillman v. Macy's Inc.*, No. 11-10994, 2012 WL 12737, at *2 (E.D. Mich. Jan. 4, 2012) ("Because the Sixth Circuit has not joined those circuits who have held that a trial court is automatically divested of jurisdiction upon the filing of a notice of appeal alleging that the claims are subject to arbitration, the Court concludes that it is not automatically divested of jurisdiction.").

The Court has considered the cases above and finds the majority's approach persuasive. As mentioned above, the general rule is that a notice of appeal divests the court of jurisdiction "over the aspects of the case involved in the appeal." *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504, 505 (7th Cir. 1997) (quoting *Griggs*, 459 U.S. at 58). Thus, the question is whether continuing with litigation in the district court relates to aspects of the case that are involved in the appeal. The Seventh Circuit explained as follows:

> The qualification "involved in the appeal" is essential—it is why the district court may award costs and attorneys' fees after the losing side has filed an appeal on the merits, why the court may conduct proceedings looking toward permanent injunctive relief while an

3

> appeal about the grant or denial of a preliminary injunction is pending. Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A), however; it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997). The Seven Circuit further explained, "An appeal authorized under § 16(a)(1)(A) presents the question whether the district court must stay its own proceedings pending arbitration. Whether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Id.* at 506; *see also Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251 (11th Cir. 2004) ("The only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court" and "[t]he issue of continued litigation in the district court is not collateral to the question presented by appeal under § 16(a)(1) (A)."); *see also Rogers v. SWEPI LP,* No. 2:16-CV-999, 2018 WL 1663294, at *3 (S.D. Ohio Apr. 6, 2018) ("This court is persuaded by the reasoning of the majority of appellate courts and the other decisions of this court."). Accordingly, the Court finds Defendant's request well taken, and the undersigned will stay this matter.

Even if the Court found that the case is not automatically stayed, the Court finds a discretionary stay warranted. Both parties acknowledge that in determining whether a discretionary stay is warranted, courts should consider the following factors: (1) whether the stay applicant has made a strong showing on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay. *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). While the Court finds that the first

two factors do not weigh in Defendant's favor, the Court finds that the remaining factors do, and the Court is persuaded that the remaining factors warrant a stay in this case. Specifically, the Court has considered the delay in adjudicating this matter, but as Defendant emphasizes, Plaintiff's cause of action will be preserved, and any prejudice Plaintiff might suffer as a result of any delay could be remedied through an award of prejudgment interest. Further, the Court has considered the public interest and finds that it weighs in favor of staying this case because a stay will conserve judicial resources by eliminating concurrent proceedings in this Court and in the Sixth Circuit.

## III.    CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's Motion Stay District Court Proceedings Pending Sixth Circuit Appeal [**Doc. 28**]. This action is hereby **STAYED** pending disposition by the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge